UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA

    Plaintiff,

vs.                                            CASE NO. 11-20749

JONAS ROGERS                     HON. LAWRENCE P. ZATKOFF

    Defendants.

_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on June 18, 2012

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

### I. INTRODUCTION

This matter is before the Court on the Government's Motion *in limine* to Preclude Improper Arguments [dkt 25]. Defendant has responded to the motion. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L. R. 7.1(f)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the reasons set forth below, the Government's motion is DENIED.

### II. BACKGROUND

On December 7, 2011, Defendant was charged in a two count indictment with Count I—Conspiracy to Commit Wire Fraud, 18 U.S.C. § 1349, and Count II—Money Laundering, 18 U.S.C. § 1957. On April 24, 2012, a first superseding indictment was obtained adding Count III —Aggravated

Identity Theft, 18 U.S.C. 1028A. The Government claims that Defendant convinced a "straw buyer"— VB— to purchase property in West Bloomfield ("the Property"). Defendant allegedly helped VB secure the loan by including false information on her credit application regarding her employment and salary. Defendant then informed VB of a prospective buyer for the Property— M.J.F., Jr.—who would purchase it for $1.1 million. According to the Government, however, this buyer was using the stolen identity of the real M.J.F., Jr., obtained with the help of Defendant. M.J.F., Jr. obtained the loan and he and VB executed the sale of the Property. VB received funds from the sale, which she eventually paid to Defendant via cash and check payments, the latter made out to Defendant's mother.

### III. ANALYSIS

In the instant Motion, the parties dispute whether Defendant may introduce evidence (1) showing that agents of the lender bank did not perform their due diligence or meet their fiduciary duties to their principals; and (2) to show wrongdoing and suspicious activity on the part of others to further Defendant's contention that he did not commit the crimes for which he is charged.

The Government claims such evidence and argument is irrelevant under Sixth Circuit law in determining the defendants' guilt and would serve only to create an improper diversion and prejudicial sideshow. According to Defendant, he seeks to introduce this evidence (1) to support his contention that he did not commit the crimes for which he is charged; (2) to show that there was suspicious activity that makes it less likely that he committed the crimes; and (3) evidence of others' actions, wrongdoings, and suspicious activity to show that the perpetrators against the bank may have been the bank's agents themselves and not Defendant. Defendant asserts that he does not intend to present an argument that additional conspirators to the fraud were not charged; rather, he will argue his complete innocence based on his claim that the others actually committed the fraud.

Defendant has the right to set forth a defense to the charges levied against him by the Government. If Defendant is able to establish his innocence by showing that individuals other than him actually committed the crimes in question, he certainly may do so. Defendant, however, is not the prosecutor in this case, and the individuals he seeks to implicate are not on trial. The mere fact that others may have been involved in wrongdoing does not preclude Defendant's involvement; the fact remains that Defendant is the one charged in this case, and exculpatory evidence he seeks to introduce must be relevant to *his* guilt or innocence, not that of others.

The Court notes, however, that the parties have not stated, specifically, what evidence Defendant seeks to introduce on this issue. As such, the Court cannot properly assess the admissibility of such evidence at this point. The Government may raise any objections to the evidence as they arise during trial.

Accordingly, IT IS HEREBY ORDERED that the Government's Motion *in limine* to Preclude Improper Arguments [dkt 25] is DENIED.

IT IS SO ORDERED.

Date: June 18, 2012

s/Lawrence P. Zatkoff
Lawrence P. Zatkoff
U.S. District Judge