UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA

    Plaintiff,

vs.                                                                                                        CASE NO. 11-20749

JONAS ROGERS                                                          HON. LAWRENCE P. ZATKOFF

    Defendant.

_____/

**<u>ORDER</u>**

    This matter is before the Court on Defendant's Motion for Subpoenas for Out of State Witnesses to Appear at Trial with Service of Subpoenas by U.S. Marshalls [dkt 33], filed on Wednesday, June 13, 2012. Trial is set to begin in this case on Monday, June 18, 2012. Pursuant to Rule 17(b) of the Federal Rules of Criminal Procedure, Defendant, via his Motion, requests that subpoenas be issued for Thomas Horn, Stacy Tucker and Peter K. Theodorakakos (the "Witnesses"), commanding the Witnesses to testify on Defendant's behalf at trial.

    Rule 17(b) provides as follows:

> Upon a defendant's ex parte application, the court must order that a subpoena be issued for a named witness if the defendant shows an inability to pay the witness's fees and the necessity of the witness's presence for an adequate defense. If the court orders a subpoena to be issued, the process costs and witness fees will be paid in the same manner as those paid for witnesses the government subpoenas.

Fed. R. Crim. P. 17(b). Although "the right of an indigent criminal defendant to subpoena witnesses rests not only on Rule 17(b), but also on the Sixth Amendment right to compulsory process and on the Fifth Amendment right not to be subjected to disabilities by the criminal justice system because of financial status," a defendant must still make a preliminary showing that the requested witness is necessary to an

adequate defense. *United States v. Moore,* 917 F.2d 215, 230 (6th Cir. 1990), *cert. denied,* 499 U.S. 963 (1991) (internal citations omitted).

With respect to this preliminary showing required of indigent defendants, the Sixth Circuit has held that "[n]either rich nor poor defendants have an unfettered right to subpoenas without discretionary review by the district court." *Id.* "Necessary" in this context means "relevant, material, and useful to an adequate defense." *Id.* To satisfy this preliminary showing, the defendant must do more than offer generalities about the necessity of the witness. *United States v. Barker,* 553 F.2d 1013, 1020-21 (6th Cir. 1977); *see also United States v. McCaskill,* 48 Fed. App'x. 961, 962 (6th Cir. 2002). Instead, he should provide a summary of the witness's proposed testimony. *United States v. Reaves*, No. 98-5754, 1999 WL 824833, at *4 (6th Cir. Oct. 5, 1999). In the absence of such a summary, the Court cannot determine the witness's relevance to the defense. *Id.*

As an initial matter, the Court notes the untimely nature of Defendant's Motion. Defendant filed his acknowledgment of the First Superseding Indictment on May 9, 2012, and Trial is scheduled to commence in this case on Monday, June 18, 2012. Yet, Defendant did not file the instant motion until after close of business on Wednesday, June 13, 2012.

Defendant's Motion contains only the following statement purporting to set forth reasons why the presence and testimony of the Witnesses is necessary for Defendant to mount an adequate defense:

> [The Witnesses' testimony] *could* shed light to [sic] the jurors as to other parties' involvement; and/or provide alternate motives of the events as well as to provide supporting testimony to defendant's position regarding the events that occurred in this matter. Additionally it is *believed* that *at least one* of the [Witnesses] *may*[]be able to shed light on the whereabouts of the allusive [sic] Mr. Mark Freeman who was present at the closing in question.

Dkt. 33 at ¶ 7 (emphasis added). For the reasons below, the Court finds that this lone statement neither provides a summary of the Witnesses' proposed testimony, nor establishes the necessity of the Witnesses.

First, Defendant neither describes who the Witnesses are in relation to this case, nor why they are necessary to an adequate defense. In fact, Defendant's uncertainty and generality with respect to the Witnesses indicate that Defendant's counsel may not have even spoken to the Witnesses. *Cf. United States v. Hegwood,* 562 F.2d 946, 952–53 (5th Cir. 1977) (affirming trial court's denial of Rule 17(b) motion when the defendant had never spoken with the potential witness about testifying), *cert. denied,* 434 U.S. 1079 (1978). Defendant cannot simply seek witnesses shortly before trial in hopes that they may provide some helpful testimony, since Rule 17(b) is not a "discovery device." *Hegwood,* 562 F.2d at 952.

Second, the statement about other parties' involvement, without more, likewise apprises the Court of nothing. Even if co-conspirators existed and the Witnesses could "shed light" on their involvement, it is Defendant alone who is charged in the Indictment. Moreover, the statements—that the Witnesses could provide "alternate motives of the events" and offer testimony supporting Defendant's position—are also misplaced. The meaning of "motives of the events" is not discernable from Defendant's motion, and Defendant nevertheless fails to describe whose motives he refers to or why any issue of "motive" is relevant in this case.

Similarly, the claim that the Witnesses will provide "supporting testimony to Defendant's position" is vague and conclusory. Defendant fails to in any way describe: who the Witnesses are; what their relation is to this case; what "position" they will support; and what they will testify to. Such statements "are insufficient to make out a 'satisfactory showing' that the witnesses are needed." *Barker*, 553 F.2d at 1020–21; *see also United States v. Rigdon*, 459 F.2d 379, 380 (6th Cir. 1972) (finding that various statements by a defendant—that witnesses would testify and verify his whereabouts at the time of the crime, that the testimony of these witnesses was material to his defense, and that he could not otherwise account for his whereabouts or establish his innocence—were insufficient to satisfy the requirements of Rule 17(b) because they were "lacking in particular facts concerning the claimed alibi").

3

Finally, the statement that it is "*believed* that *at least one* of the [Witnesses] *may*[]be able to shed light" on the whereabouts of Mr. Mark Freeman is insignificant, as it lacks any specificity or supporting information.  Defendant fails to explain who Mark Freeman is, why he is significant, or what relevant evidence he could provide to the case.  That is, of course, assuming that any of the Witnesses could actually identify Freeman's whereabouts, which Defendant seems unwilling to affirm.  Purportedly offered to support Defendant's motion, Defendant's claimed "belief" that "at least one" Witness "may" be able to locate Freeman is, at best, speculation.

Because Defendant made only generalized assertions and because he did not make factual averments about the content of the Witnesses' testimony, the Court finds that Defendant makes an insufficient showing of necessity under the Rule 17(b) analysis.

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion for Subpoenas for Out of State Witnesses to Appear at Trial with Service of Subpoenas by U.S. Marshalls [dkt 33] is DENIED.

**IT IS SO ORDERED.**

Date:  June 18, 2012

s/Lawrence P. Zatkoff<br>Lawrence P. Zatkoff<br>U.S. District Judge