UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                               CASE NO. 11-20479
                                       HON. LAWRENCE P. ZATKOFF

v.

JONAS ROGERS,

    Defendant.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on June 18, 2012

**I. INTRODUCTION**

At jury selection on June 13, 2012, counsel for Defendant submitted to the Court a CJA Form 24 (Authorization and Voucher for Payment of Transcript), wherein Defendant requests that the Court authorize daily trial transcripts for Defendant. For the reasons that follow, the Court denies authorization for daily transcripts and, therefore, declines to sign the CJA Form 24.

**II. ANALYSIS**

Although neither the Sixth Circuit nor the United States Supreme Court has expressly ruled whether an indigent defendant is entitled to a daily transcript, numerous courts have addressed the issue, including the Second, Seventh and Eighth Circuits and a number of district courts. One or more of the following rules and/or considerations are discussed in all of the cases.

First, every court to address this issue has recognized that it is within the district court's discretion whether to grant or deny an indigent defendant's request for a daily transcript.

Second, although having daily transcript at a criminal trial "may be an incidental convenience," the U.S. Supreme Court has held that the U.S. Constitution does not require the Government "to furnish an indigent with every luxury that a wealthy litigant might conceivably choose to purchase."

Third, Defendant did not file a motion before the Ccourt could approve a daily transcript–and the Court notes that there is no requirement that a motion be filed.  Where a defendant makes no showing - and offers no explanation – of a need for the daily transcripts--or any showing of how he would be prejudiced without production of daily transcript–a district court does not abuse its discretion by denying a request for daily transcript.

Fourth, where the trial itself will not be lengthy, it is not an abuse of discretion for a district court to deny a request for daily transcript.

Fifth, as several courts have recognized, there is a significant difference in cost for a daily transcript.  In fact, based on an estimate of 200 pages of transcript per day, the cost was an extra $400 per day in 1997, when two district courts conducted a cost analysis in denying a defendant's request for daily transcript.

Sixth, in the Court's preliminary research, there have been only two reported cases where a court has held that it was an abuse of discretion for a district court to deny an indigent defendant's request for daily transcript.  In both of those cases, however, the appellate court based its ruling on the fact that the district court denied the defendant's request for daily transcript even though the Government would be receiving the daily transcript.

In this case, the Court notes that Defendant has not, in any manner, communicated to the Court why he needs daily transcript to try this case or how Defendant will be prejudiced if he does

not get daily transcript. The Court next notes that, in 2012, assuming an estimate of 200 pages of transcript per day, the extra cost per day would be $480 ($3.65/page for normal transcript vs. $6.05/page for daily transcript). As such, the excess cost of providing Defendant with daily transcripts will be at least $2,000 (for just over four days of trial), and as much as $4,000 (for eight days of trial). The Court also notes that this is expected to be a relatively short trial. Finally, the Court notes that the Government is not receiving daily transcripts during this trial.

Therefore, based on the foregoing facts and applicable law, the Court concludes that the interests of justice weigh heavily in favor of denying Defendant's request for daily transcript. In particular, the Court relies on: (1) the absence of any expressed prejudice to Defendant if the request is denied, (2) the significant cost if the request were granted, and (3) the fact that the Government will not be receiving daily transcripts either. Accordingly, the Court denies Defendant's request for daily transcripts in this case.

### III.  CONCLUSION

For the reasons set forth above, the Court DENIES Defendant's request for daily trial transcripts in this case.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: June 18, 2012

3

CERTIFICATE OF SERVICE

      The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on June 18, 2012.

                                           S/Marie E. Verlinde
                                           Case Manager
                                           (810) 984-3290