UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA

Plaintiff,

v.

CASE NO. 11-20749

JONAS ROGERS

HON. LAWRENCE P. ZATKOFF

Defendant.
_____/

FILED
JUN 19 2012
CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on 6/19, 2012

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

### I. INTRODUCTION

This matter is before the Court on the Government's Motion to Admit Summary Exhibits [dkt 43]. Defendant has responded to the motion. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L. R. 7.1(f)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the reasons set forth below, the Government's Motion to Admit Summary Exhibits is GRANTED.

### II. BACKGROUND

The Government's Motion seeks to admit into evidence two exhibits, marked Government exhibits 15a and 15b (collectively "the Exhibits"), under Fed. R. Evid. 1006. Exhibit 15a is a line chart that depicts the monthly debits and credits in the National City Bank Account ending in X2056 ("the

Account"). Exhibit 15b is a document that summarizes the beginning balance, credits, debits, and ending balance on the Account for each month over a period of 12 months. Notably, Exhibits 15a and 15b are summary exhibits of Exhibit 15. Exhibit 15 is 175 pages of bank transaction records including monthly statements, copies of checks, and deposit slips. Exhibit 15 has been admitted as evidence based on a stipulation between the parties. Defendant, however, argues that Exhibits 15a and 15b are inadmissible. While not disputing the accuracy of the Exhibits, Defendant contends that the exhibits are "pedagogical devices" and that they are cumulative, voluminous, argumentative and prejudicial.

### III. LEGAL STANDARD

Fed. R. Evid. 1006 provides:

> The contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation. The originals, or duplicates, shall be made available for examination or copying, or both, by other parties at [a] reasonable time and place. The court may order that they be produced in court.

This court has identified five preconditions to the admission of summary charts under Rule 1006:

> [1] The documents . . . must be so voluminous that they cannot conveniently be examined in court by the trier of fact. That is, the documents must be sufficiently numerous as to make comprehension difficult and inconvenient[;]
>
> [2] [T]he proponent of the summary must also have made the documents available for examination or copying, or both, by other parties at [a] reasonable time and place[;]
>
> [3] [T]he proponent of the summary [must] establish that the underlying documents are admissible in evidence. Thus, if the underlying documents are hearsay and not admissible under any exception, a chart or other summary based on those documents is likewise inadmissible[;]
>
> [4] [A] summary document must be accurate and nonprejudicial. This means first that the information on the document summarizes the information contained in the underlying documents accurately, correctly, and in a nonmisleading manner. Nothing should be lost in the translation[; and]
>
> [5] [A] summary document must be properly introduced before it may be admitted into evidence.

*United States v. Bray*, 139 F.3d 1104, 1109–10 (6th Cir. 1998) (quotation omitted). "The admission of summary charts is a matter within the discretion of the district court, whose decisions in such matters will be upheld absent an abuse of discretion." *Id.* at 1109 (quotation omitted).

## IV. ANALYSIS

The Court finds that the Exhibits are admissible under Rule 1006. First, the underlying documents—exhibit 15—are sufficiently voluminous to make review inconvenient. According to the Government, the purpose of the summary exhibits is to provide a snapshot of the Account records. Using only exhibit 15 could prove inconvenient for the jury, given that exhibit 15 is 175 pages of bank records—statements, canceled checks, deposit slips and the like—and uses formatting, terminology and abbreviations that may be unfamiliar or difficult to comprehend. By contrast, the Exhibits consist of two one-page documents: (1) a table showing the total credits, total debits and beginning and ending account balances for each month for a period of 12 months; and (2) a line chart showing the same debit and credit information as the table. Moreover, Defendant does not dispute the accuracy of the information in the Exhibits, and the underlying documents (exhibit 15) are stipulated to and have already been received into evidence.

Second, the government has "made the documents available for examination or copying . . . at [a] reasonable time and place," since Defendant's counsel has stipulated to exhibit 15 and does not dispute the accuracy of the summary information found in the Exhibits.

Third, the underlying documents are themselves admissible, since the bank records forming the basis for exhibits 15a and 15b have already been stipulated to and entered into evidence as exhibit 15.

Fourth, with respect to the summary having to be fair and accurate, the Government declares that it has made every effort to be scrupulously careful in preparing the Exhibits, and Defendant has thus far not raised any objections in that regard.

3

Fifth, with respect to a proper introduction, the Government states the Exhibits will be introduced by the FBI agent who obtained the underlying bank records, supervised the preparation of the Exhibits, and verified their accuracy as compared to exhibit 15. The agent will be subject to cross-examination.

Therefore, based on the five-factor *Bray* analysis, the Court finds that the Exhibits are admissible summary evidence under Fed. R. Evid. 1006.

Defendant argues that the Exhibits are not admissible evidence under Rule 1006, but instead inadmissible "pedagogical devices." In *Bray*, the Sixth Circuit distinguished between Fed. R. Evid. 1006 summaries and summaries used as "pedagogical devices," which it said are more properly considered under Fed. R. Evid. 611:

> Contents of charts or summaries admitted as evidence under Rule 1006 must fairly represent and be taken from underlying documentary proof which is too voluminous for convenient in-court examination, and they must be accurate and nonprejudicial. Such summaries or charts admitted as evidence under Rule 1006 are to be distinguished from summaries or charts used as pedagogical devices which organize or aid the jury's examination of testimony or documents which are themselves admitted into evidence.

*Bray*, 139 F.3d at 1111–12 (citing *Gomez v. Great Lakes Steel Div., Nat'l Steel Corp.*, 803 F.2d 250, 257 (6th Cir. 1986)).

The Sixth Circuit has described "pedagogical device" to mean an illustrative aid such as information presented on a chart that (1) is used to summarize evidence, such as documents, recordings, or trial testimony, that has been admitted in evidence; (2) is itself not admitted into evidence; and (3) may reflect to some extent, through captions or other organizational devices or descriptions, the inferences and conclusions drawn from the underlying evidence by the summary's proponent. *See id.* A pedagogical exhibit is "more akin to argument than evidence since [it] organize[s] the jury's examination of testimony and documents already admitted in evidence." *Id.* (internal citations omitted).

4

Based on these standards, the Court finds that the Exhibits are not "pedagogical devices." While the Exhibits are used to summarize information contained in exhibit 15, they fail to satisfy the second and third prongs of the analysis. The Government seeks to introduce the Exhibits into evidence. Additionally, the Exhibits do not reflect the inferences and conclusions drawn from the underlying documents by the Government. The information summarized is undisputed, and drawn from exhibit 15, which is already admitted into evidence. The Exhibits include no new information and do not draw inferences or conclusions from the documents in exhibit 15. They consolidated—but did not modify—information that was already admitted and available to the jury. *See U.S. v. Younes*, 194 Fed App'x 302, 311–12 (6th Cir. 2006).

## V. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that the Government's Motion to Admit Summary Exhibits [dkt 43] is GRANTED.

IT IS SO ORDERED.

Date: 6/19/12

Lawrence P. Zatkoff
U.S. District Judge

GOVERNMENT EXHIBIT 15A



National City Bank Account Ending X0256
—Deposits/Credits  —Checks/Debits

National City Bank - Account Number ending X0256
Account Summary
For the period February 21, 2007 through February 22, 2008

| Period | Date Range | Beginning Balance | Deposits/ Credits | Checks/ Debits | Ending Balance |
|---|---|---|---|---|---|
| 1 | 02/21/2007 - 03/22/2007 | $1,487.78 | $4,093.52 | $5,354.23 | $227.07 |
| 2 | 03/23/2007 - 04/23/2007 | 227.07 | 3,055.52 | 2,947.53 | 335.06 |
| 3 | 04/24/2007 - 05/23/2007 | 335.06 | 65,926.95 | 65,571.72 | 690.29 |
| 4 | 05/24/2007 - 06/22/2007 | 690.29 | 3,096.38 | 3,171.13 | 615.54 |
| 5 | 06/23/2007 - 07/25/2007 | 615.54 | 3,106.52 | 3,333.72 | 388.34 |
| 6 | 07/26/2007 - 08/24/2007 | 388.34 | 2,956.57 | 2,512.57 | 832.34 |
| 7 | 08/25/2007 - 09/24/2007 | 832.34 | 3,256.52 | 3,755.82 | 333.04 |
| 8 | 09/25/2007 - 10/24/2007 | 333.04 | 3,006.52 | 3,054.39 | 285.17 |
| 9 | 10/25/2007 - 11/26/2007 | 285.17 | 2,995.58 | 2,700.46 | 580.29 |
| 10 | 11/27/2007 - 12/21/2007 | 580.29 | 3,095.58 | 3,020.47 | 655.40 |
| 11 | 12/22/2007 - 01/24/2008 | 655.40 | 2,954.64 | 3,479.64 | 130.40 |
| 12 | 01/25/2008 - 02/22/2008 | 130.40 | 6,657.66 | 5,242.15 | 1,545.91 |
|  |  |  | $104,201.96 | $104,143.83 |  |

GOVERNMENT
EXHIBIT
15B