IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JONAS ROGERS,

    Defendant.

_____/

Case No. 11-20749

Honorable Lawrence P. Zatkoff
Mag. Judge Laurie J. Michelson

**REPORT AND RECOMMENDATION TO DENY WITHOUT PREJUDICE
DEFENDANT'S MOTION TO INFORM THE COURT OF INTENT TO APPEAL [64]
AND MOTION TO VACATE SENTENCE [66]**

This matter is presently before the Court on the referral of Defendant Jonas Rogers' ("Rogers") post-judgment Motion to Inform the Court of his Intent to Appeal pursuant to 28 U.S.C. § 2255 (Dkt. 64) and his Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255 (Dkt. 64). Because Rogers' direct appeal remains pending before the United States Court of Appeals for the Sixth Circuit, this Court RECOMMENDS that the motions be DISMISSED AS PREMATURE.

**I.    BACKGROUND**

Rogers was charged in a superseding indictment with one count of conspiracy to commit wire fraud in violation 18 U.S.C. § 1349, one count of money laundering in violation of 18 U.S.C. § 1957, and one count of aggravated identity theft, aiding and abetting, in violation of 18 U.S.C. §§ 2, 1028A. (Dkt. 11.) Following a one-week jury trial in June 2012, Rogers was convicted on the wire fraud and money laundering counts. (Dkt. 49.) He was sentenced to 78 months imprisonment. (Dkt. 57.) Rogers timely filed a Notice of Appeal of the Judgment of Conviction on December 6, 2012. (Dkt. 58.) He recently filed his appeal brief which raises six (6) issues for review, including challenges to the sufficiency of the evidence, jury instructions, and calculation of his sentence. *See*

Brief of Appellant, *USA v. Jonas Rogers*, No. 12-2594 (6th Cir. Nov. 13, 2013). According to the Sixth Circuit docket, the Government's appeal brief is due December 16, 2013. Thus, Rogers' direct appeal to the Sixth Circuit remains pending.

Shortly after filing his Notice of Appeal to the Sixth Circuit, Rogers filed a Motion to Inform Court of Intent to Appeal pursuant to 28 U.S.C. § 2255. (Dkt. 64.) This motion seeks "[t]rial transcripts, [d]ockets, and any other documents . . . in order to make a proper [c]ollateral [c]hallenge of his conviction." (*Id*. at 1.) On March 5, 2013, Rogers filed with this Court his Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255. (Dkt. 66.) This motion alleges ineffective assistance of counsel, prosecutorial misconduct, and improper sentence. (*Id*.) The Government did not file a response. Rogers' § 2255 motions have been referred to this Court for a report and recommendation pursuant to 28 U.S.C. §636(b)(1)(B). (Dkt. 82.)

**II. ANALYSIS**

Although "[t]here is no requirement that the movant exhaust his remedies prior to seeking relief under § 2255," "the courts have held that such a motion is inappropriate if the movant is simultaneously appealing the decision." R. Governing § 2255 Proceedings 5 advisory committee's note. The Sixth Circuit has "adopt[ed] the rule espoused by multiple Circuits that in the absence of extraordinary circumstances, a district court is precluded from considering a § 2255 application for relief during the pendency of the applicant's direct appeal." *Capaldi v. Pontesso*, 135 F.3d 1122, 1124 (6th Cir. 1998) (collecting cases); *see also Smith v. United States*, No. 95-3980, 1996 WL 330864, at *1 (6th Cir. June 14, 1996) ("It is true that the 'well established general rule is that, absent extraordinary circumstances, the district court should not consider § 2255 motions while a direct appeal is pending.'" (citation omitted)); *United States v. Robinson*, 8 F.3d 398, 405 (7th Cir.

1993) (collecting cases); R. Governing § 2255 Proceedings 5 advisory committee's note (although "there is no jurisdictional bar to the District Court's entertaining a Section 2255 motion during the pendency of a direct appeal[,] . . . the orderly administration of criminal law precludes considering such a motion absent extraordinary circumstances"). This rule rests upon the recognition that "[a]n application under § 2255 is an extraordinary remedy and should not be considered a substitute for direct appeal," as well as the practical consideration that "determination of the direct appeal may render collateral attack by way of a § 2255 application unnecessary." *Capaldi*, 135 F.3d at 1124; *see also Robinson*, 8 F.3d at 405 ("The rationale for the rule is a sound one: the disposition of the appeal may render the § 2255 motion moot." (internal quotation marks, citation, and alterations omitted)). Moreover, "[t]his rule holds true even for claims of ineffective assistance of counsel, which may normally not be brought on direct appeal." *Smith*, 1996 WL 330864, at *1; *see also Robinson*, 8 F.3d at 405 ("Section 2255 motions, involving ineffective assistance of counsel claims, are subject to the same general rule as all other § 2255 motions; they are not to be entertained by the district court unless extraordinary circumstances are present.").

Rogers has not identified any extraordinary circumstances that would warrant the immediate consideration of his § 2255 motion while his direct appeal is pending. Thus, this Court finds the motion is premature. *See United States v. Armstrong*, No. 08-20461, 2010 WL 457470, at *1 (E.D. Mich. Feb. 9, 2010) (Cox, J.) (dismissing as premature defendant's § 2255 motion where defendant's direct appeal was pending in the Sixth Circuit and defendant's motion did not indicate any extraordinary circumstances that would warrant deviating from the general rule set forth in *Capaldi*); *United States v. Sain*, No. 07-20607, 2009 U.S. Dist. LEXIS 9780, at *5 (E.D. Mich. Feb. 10, 2009) (Zatkoff, J.) (declining to consider section 2255 motion while direct appeal was pending

because "Petitioner presents no extraordinary circumstances warranting an exception to the general rule in this case, and none are otherwise apparent.").

### III. CONCLUSION

Accordingly, this Court RECOMMENDS that Defendant's Motion to Inform Court of Intent to Appeal pursuant to 28 U.S,C. § 2255 (Dkt. 64) and Motion to Vacate Sentence pursuant to 28 U.S,C. § 2255 be DENIED AS PREMATURE and DISMISSED WITHOUT PREJUDICE to Rogers' right to refile them once his pending appeal becomes final.

### IV. FILING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97. Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office. *See* E.D. Mich. LR 5.1. A copy of any objections is to be served upon this magistrate judge but this does not constitute filing. *See* E.D. Mich. LR 72.1(d)(2). Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be

filed within seven (7) days of service of the response. E.D. Mich. LR 72.1(d)(3), (4).

                                     s/Laurie J. Michelson
                                     LAURIE J. MICHELSON
                                     UNITED STATES MAGISTRATE JUDGE

Dated:  December 10, 2013

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on December 10, 2013.

                                     s/Jane Johnson
                                     Deputy Clerk